# BAILEY *v.* STATE TAX COMMISSION

Donald E. Heisler, The Dalles, Oregon, argued the cause for plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, Oregon, argued the cause for defendant.

Decision for plaintiff rendered June 28, 1966.

EDWARD H. HOWELL, Judge.

The issue in this case is whether, under the applicable Oregon income statutes and regulations, the plaintiffs are entitled to deduct as a business expense certain wages paid to unemancipated minor children.

Plaintiffs are orchardists and farm 300 acres of cherries, apples and peaches in Wasco County. During 1963 seven of plaintiffs' children worked in the orchards and plaintiffs deducted the amount paid the minor children as a business expense. The defendant disallowed the wages and plaintiffs filed suit in this court. The defendant commission found, and the parties stipulated at the trial, that the wages in dispute were paid by plaintiffs, that the amounts thereof were reasonable and that the children involved were unemancipated minors.

ORS 316.305(1) (a) provides:

"Expenses. In computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses,

paid during the tax year in carrying on any trade or business, including:

"(a) A reasonable allowance for salaries or other compensation for personal services actually rendered;

"* * * * *."

The defendant's regulation under the above statute, Reg 316.305(1) (a)-(A), which constituted the basis for the defendant's disallowance of plaintiffs' claim, states in part:

"The parent is legally entitled to the services of his unemancipated minor children and allowances which he gives them, whether such be in consideration of services or otherwise, are not allowable deductions in his return of income."

This regulation is based, in part, on the common law rule that a parent having the legal control and custody of an unemancipated minor child is entitled to the services of such child. 39 Am Jur, Parent & Child, § 31.

The regulation is also based upon a former federal regulation, Reg 111, §29.24-1, which existed from 1918 to 1954 and which also denied the deduction of wages paid by parents to minor children. It stated in part:

"* * * If the father is entitled to the services of his minor children, any allowances which he gives them, whether said to be in consideration of services or otherwise, are not allowable deductions in his return of income. * * *"[1]

---

[1] In *Neils Schultz*, 44 BTA 146, 152 (1941), the court stated:

"Ever since the Revenue Act of 1918, Regulations 45, article 291, through the current regulations, Regulations 103, section 19.24–1, the regulations have consistently provided that allowances of a father to a minor child to whose services he is entitled are not deductible. This long unquestioned existence is alone a strong support for the rule. * * *"

The plaintiffs argue that the defendant's regulation denying the deduction is invalid because it is inconsistent with ORS 316.515, the separate return statute for minors. This statute states:

> "Return of minor. A minor shall file his own return and include therein all items of income, including income attributable to his personal services, and such income shall not be included on the return of his parent. All expenditures by the parent or the minor attributable to such income shall be deemed to have been paid or incurred by the minor. However, any tax assessed against the minor, to the extent attributable to income from personal services, shall, if not paid by the minor, for all purposes be considered as having also been properly assessed against the parent. For the purposes of this section the term 'parent' includes any individual who is entitled to the services of a minor by reason of having parental rights and duties in respect of such minor."

The above statute is similar to § 73 of the Internal Revenue Code of 1954, the separate return statute for minors, which reads:

> "(a) Treatment of Amounts Received.— Amounts received in respect of the services of a child shall be included in his gross income and not in the gross income of the parent, even though such amounts are not received by the child.

> "(b) Treatment of Expenditures.—All expenditures by the parent or the child attributable to amounts which are includible in the gross income of the child '(and not of the parent) solely by reason of subsection (a) shall be treated as paid or incurred by the child.

> "(c) Parent Defined.—For purposes of this section, the term 'parent' includes any individual who is entitled to the services of a child by reason of having parental rights and duties in respect of the child.

"(d) Cross Reference.—

"For assessment of tax against parents in certain cases, see section 6201(c)."

Section 6201(c):

"(c) Compensation of Child.—Any income tax under chapter 1 assessed against a child, to the extent attributable to amounts includible in the gross income of the child, and not of the parent, solely by reason of section 73(a), shall, if not paid by the child, for all purposes be considered as having also been properly assessed against the parent."

■ The federal history of this issue and the position taken by the Internal Revenue Service are important. While the federal decisions on the same issues are not binding on the State of Oregon, they are instructive. *Kuhns et ux v. State Tax Com.,* 223 Or 547, 557, 355 P2d 249 (1960).

Prior to January 1944 the federal regulation 111, § 29.24-1, denied a deduction to the parent for wages paid to unemancipated children if the father was entitled to their services under the state law. The parent was required to report in his return the earnings of a minor child if under the law of the state where they resided the parent had the right to such earnings.⊚

With many minor children earning substantial amounts of income during World War II some rule as to the taxability of such income, whether to the parent or to the child, had to be set up in the interest of uniformity and clarity. Vol 2, Mertens, *Law of Federal Income Taxation,* § 17.04a. Consequently in 1944 § 22(m), a separate return statute for minors, was added to the Internal Revenue Code of 1939. This section, which is substantially the same as § 73 of the present

---

⊚ See *Neils Schultz, supra, Jacob DeKorse,* 5 TC 94, 101 (1945). Vol. 8A, Mertens, *Law of Federal Income Taxation,* § 47.15.

1954 Internal Revenue Code, provided that amounts received for the services of a child are taxable to the child and not to the parent.

■ Shortly after the enactment of § 22(m) the Internal Revenue Service issued the first of several rulings deciding the effect of the amendment.

In 1945, Income Tax Ruling 3767, Cum Bull 1945, p 101, was published and after considering the *Schultz* case and the regulation prohibiting the deduction, the Internal Revenue Service concluded that they were no longer applicable since the enactment of § 22(m) and specifically found that the wages paid unemancipated children were now deductible by the parent. The same ruling was reiterated in the next Bulletin, Income Tax Ruling 3812, Cum Bull 1946-2, p 29, where it was stated:

"* * * in order to obtain such a deduction, the father must establish that a bona fide employer-employee relationship exists between him and the child. In determining whether there is in fact such a relationship, consideration must be given to whether the father is dealing with his minor child, for the purpose of employment, as he would deal with a stranger under the same circumstances. Thus, there should be a satisfactory showing by the father that the usual conditions of employment, such as duties, hours of work, amount of wages, and time of payment of wages, had been agreed upon to the same extent as they would have been had the father been engaging the services of a stranger. * * *"

Later in 1959, in Income Tax Ruling 59-110, Cum Bull 1959-1, p 45, 46, it was stated:

"Reasonable wages paid by a father to his child for personal services actually rendered as a bona fide employee in the conduct of a trade or business have been held deductible as ordinary and neces-

sary expenses. See I.T. 3767, C.B. 1945, 101; *Estate of K. Threefoot v. Commissioner*, 9 BTA 499, acquiescence, C.B. VII-1, 31 (1928). The fact that there may be a legal obligation to support the person to whom the wages are paid and that such person utilizes the wages for his own support is not determinative of their deductibility as a business expense by the employer. These circumstances merely subject the relationship to a closer scrutiny to determine whether there is in fact a bona fide employment situation. It is the nature of the wages as an ordinary and necessary expense in the operation of a business, as well as the character of the relationship between the parties as that of employer and employee, which are controlling for purposes of the deduction of wages paid as a business expense.

"The facts in this case show that actual services were rendered by each of the taxpayer's children as a bona fide employee in the operation of the taxpayer's business, and that the compensation paid each child for such service was reasonable and constituted an ordinary and necessary expense of carrying on such business. Hence, such wage payments are deductible from gross income as provided in section 162 of the Code. To hold otherwise would be tantamount to penalizing the father for employing his own children inasmuch as the deduction would be allowable if he had employed someone else's children under the same circumstances.

"Accordingly, it is held that reasonable wages paid by a father to his children for services rendered by them as his employees in his trade or business are deductible as ordinary and necessary business expenses for Federal income tax purposes even though the children use the wages for part of their own support. * * *"

It clearly appears that the Internal Revenue Service since 1944 has definitely construed the separate

return statute to allow a parent in a trade or business to deduct wages paid to minor children. The federal regulation, however, remained unchanged for some reason until the Internal Revenue Code of 1954 was adopted.[9]

■ Like the federal regulation prior to 1954, the Oregon Reg 316.305(1) (a)-(A), has also denied the taxpayer the right to deduct wages paid his unemancipated minor children. In 1953 Oregon also adopted a separate return statute, ORS 316.515, but unlike the Internal Revenue Service, the defendant commission has never changed the regulation and its validity has not been questioned until this time.

In support of its position the defendant commission contends that the federal interpretation of § 73 of the Internal Revenue Code permitting the parent to deduct wages to his children is in error, that it would create difficult administrative problems and be a temptation for fraud and evasion because of the family relationship involved. The two cases cited by defendant, *Schultz and DeKrose, supra,* denying the deduction were based on the regulation before the enactment of § 22(m) in 1944 and are not applicable. The other problems were answered by the Internal Revenue Service in the rulings previously mentioned.

---

[9] The present federal regulation 1.73-1 reads as follows:

"Services of child.—(a) Compensation for personal services of a child shall, regardless of the provisions of State law relating to who is entitled to the earnings of the child, and regardless of whether the income is in fact received by the child, be deemed to be the gross income of the child and not the gross income of the parent of the child. Such compensation, therefore, shall be included in the gross income of the child and shall be reflected in the return rendered by or for such child. The income of a minor child is not required to be included in the gross income of the parent for income tax purposes. * * *"

■ The defendant's regulation like the federal regulation prohibiting the deduction should have met its demise when the Oregon separate return statute, ORS 316.515, was passed in 1953. The regulation is inconsistent with the separate return statute and is invalid.

■■■ In addition it would appear that the regulation is inconsistent with ORS 316.305(1) (a) allowing as deductions "a reasonable allowance for salaries." ORS 314.815 allows the State Tax Commission to make regulations "not inconsistent with legislative enactments." The statute allows the taxpayer to deduct a reasonable allowance for salaries. The regulation categorically denies a deduction for salaries paid by a parent to his child whether reasonable or not. The deduction is denied on the basis a parent is entitled to the services of his child. Even the common law allowed an exception to this rule and recognized that a parent may contract to employ and pay his minor child for its services. While it is presumed that such services are gratuitous, if a contract is established by the proof it is binding the same as any other contract. 39 Am Jur, Parent & Child, § 94, p 739.④ The regulation does not recognize a valid binding contract between the parent and child or attempt to delineate what amounts to a reasonable allowance for salaries in such cases or require, for example, a showing that the wages have been actually paid, that they were reasonable and that the services were rendered. To uphold the regulation would result, as the Internal Revenue Service stated in Income Tax Ruling 59-110, Cum Bull 1959-1, in

④ For years Oregon has long followed the rule that when a minor performs services for his parent, because of the family relationship, the law presumes the services are rendered gratuitously. However, the presumption may be overcome by evidence of an express agreement to pay or its equivalent. *Sargent v. Foland,* 104 Or 296, 305, 207 P 349 (1922).

penalizing the father for employing own children and allowing the deduction for employing someone else's children under the same circumstances. Such a result has no valid place in these times when everyone, including the federal government, is encouraging employment of minors and also encouraging such minors to secure advanced education beyond high school.

■ The plaintiffs have clearly sustained the burden of proof and met the qualifications for the deduction as set forth by the Internal Revenue Service in Income Tax Ruling, 3812, Cum Bull 1946-2. They have shown a bona fide employer-employee relationship in a trade or business, that the services were actually rendered, that the amounts paid were reasonable and that such wages were agreed upon between the parents and the minors.

The order of the defendant commission is set aside and the deficiency assessment is abated.

Costs to neither party.